**NMS INDUSTRIES, INC., d/b/a J. A. Olson Company, Plaintiff-Appellee,**

v.

**PREMIUM CORPORATION OF AMERICA, INC., Defendant,**

**Gold Crown Stamp Company, Inc., Defendant-Appellant.**

**No. 30739.**

United States Court of Appeals, Fifth Circuit.

Nov. 24, 1971.

---

13. See also, Baker v. United States, 139 U.S.App.D.C. 126, 430 F.2d 499, 503

(1970); United States v. Perlman, 7 Cir., 430 F.2d 22, 26 (1970).

William H. Roberson, Porter W. Peteet, Greenwood, Miss., for defendant-appellant.

William Liston, Winona, Miss., George H. Redding, Jr., Chicago, Ill., for plaintiff-appellee.

Before TUTTLE, WISDOM and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

This was a diversity action removed from the Chancery Court of Montgomery County, Mississippi. The critical issue in this appeal concerns the court's charge to the jury upon the issues of agency and ratification. The jury returned a verdict for the plaintiff. The defendant Gold Crown timely filed its motion for stay of execution, motion for judgment n. o. v. and motion for new trial. It is the motion for new trial that we believe to be meritorious and our discussion will be limited to it.

From the several grounds asserted by Gold Crown in its motion for new trial, we here quote paragraphs 5 and 6:

"5. The Court erred in giving, over the specific objection of the Defendant, in the instruction relative to the matter of ratification by this Defendant of the acts of Beverly E. Edwards, instructions to the Jury in element (1) of said instruction that the approval or affirmance by Gold Crown of the acts of Edwards was sufficient if Gold Crown had received facts 'which if pursued in a reasonably prudent manner, would have disclosed such knowledge;' and the Court erred in instructing the Jury in element (2) of said instruction that approval or affirmance on the part of Gold Crown could be made by an officer or agent of the corporation who 'had the apparent authority to ratify the acts of Edwards'; and the Court erred in instructing the jury in element (3) of said instruction to the effect that there would be ratification unless there was a prompt repudiation of the purchases by Edwards, when the material facts 'with the exercise of reasonable care, should have been made known to an officer or agent of Gold Crown regarding the transaction;' and the Court erred in instructing the Jury in element (4) of said instruction that there was ratification unless there was an offer of return of the unused merchandise still in the hands of Gold Crown when the full material facts of the transaction 'should have become known by the exercise of reasonable care, to a properly authorized officer or agent of that corporation.'

"6. The court erred in giving over the specific objection of this Defendant Plaintiff's instruction defining authority by implication, as said instruction is an incorrect statement of the law of implied authority, and further, there is no testimony in this case showing that the principal knowingly permitted the agent to do acts not expressly authorized, thus making the instruction, even if a proper definition of authority by implication, not properly applicable to the facts set forth in this case."

The trial judge conceded that he had erred in his charge to the jury upon the issues of agency and ratification, but ruled that such error was "harmless error" within the application of Rule 61, F.R.Civ.P.

The nature of this diversity action is briefly stated as follows. Plaintiff Olson sued Gold Crown, et al in the nature of a non-resident attachment on open account for $169,481 on a shipment of prints and frames, of which $80,000 rep-

resented plaintiff's purchase from a print company, to be supplied to Gold Crown. The $80,000 was paid by plaintiff to the manufacturer and charged to Gold Crown. This suit was for a refund thereof and for the balance of the charges made on the frames in the amount of $89,489. Gold Crown admitted liability for about $16,000 leaving the excess in dispute.

The errors in the charge, fully reviewed and discussed by the trial judge upon presentation of the motion for new trial, are quoted in the footnote.[1]

█ Ratification by the principal of the acts of his agent must be based on full, actual knowledge of the facts of the transaction, constructive or imputed knowledge being insufficient to make the principal liable by way of ratification. The erroneous instruction given by the court permitted the jury to find Gold Crown liable on the basis of ratification of its agent's acts if the approval or affirmance by Gold Crown, and the failure to promptly repudiate the transaction, and the failure to offer return of the purchases, occurred after Gold Crown should have known of the full facts of the transaction between the agent and Olson. The errors in the in-

---

1. There is, in the Court's opinion, an error in the Court's charge with reference to ratification. I think that is apparent from the cases I have read and the study which I have made of the Mississippi cases, and, also, this instruction.—There are two instructions involved. One is the ratification instruction, that has been so termed by counsel. That instruction was handed to the Court with certain parts of it absent, certain parts were later inserted by the Court and given by the Court to the jury. I am going to read that instruction and I am going to indicate that portion of the instruction which was added by the Court.

The instruction in its entirety is this: 'Before defendant, Gold Crown, can be held liable to the plaintiff on the basis of ratification by Gold Crown of the acts of Beverly E. Edwards, in making purchases from the plaintiff, the jury must find by the preponderance of the evidence, all of the following essential elements: "(1): An approval or affirmance by Gold Crown of the acts of Edwards after full knowledge of the material facts of his transactions with plaintiff"—

And then the Court added this, and I am quoting. I am quoting within a quotation that portion which I added:

" 'or, after having received facts which, if pursued in a reasonable prudent manner, would have disclosed such knowledge.' "—

Ending the quotation within the quotation, and continuing with the instruction as it was handed to the Court:

—"(2): That said acts of approval or affirmance on the part of Gold Crown were made by an officer or agent of that corporation who was authorized;"—

And then quoting within the quotation that part added at that point by the Court:

—" 'or, had the apparent authority to ratify the acts of Edwards,' "—

Closing the quotation within the quotation.

—"(3) 'That there was not a prompt repudiation of the purchases by Edwards when material facts became known, or' "—

and opening the quotation within the quotation again:

—" 'with the exercise of reasonable care should have been made known to an officer or agent of Gold Crown regarding the transaction.' "

and then ending the quotation within the quotation, and continuing:

"(4) 'That there was no offer of return of the unused merchandise still in the hands of Gold Crown when the full material facts of the transaction became known;' "—

and opening the quotation within the quotations containing addition by the Court:

—" 'or, should have become known by the exercise of reasonable care to a properly authorized officer or agent of the corporation.' "

closing the quotation within the quotations:

"Unless the jury finds from a preponderance of the evidence that all four of said essential elements exist in this case, then the jury cannot hold the defendant, Gold Crown Stamp, Incorporated, liable on the theory of ratification."

After a full review of the law, the Court is of the opinion that all of the quotations which the Court inserted in that instruction was in error, except the second one:

" 'or, had the apparent authority to ratify the acts of Edwards.' "

Which is a quotation.

structions are in conflict with the Mississippi rule enunciated in Gulf Refining Co. v. Travis (1947), 201 Miss. 336, 29 So.2d 100, as follows:

"It is a principle which pervades the decisions by the great weight everywhere that when a person is sought to be charged by way of ratification, it must be shown that he had full and complete knowledge of all the material facts, and a familiar expression used in that connection is that the proof must show that such full knowledge has been brought home to him, and it is not enough that he has information which, if pursued by him, would have led him to full and complete knowledge.

"The classical text upon and around which the body of law on Agency has been built, Story on Agency, explains the particular point in hand in this language: 'The principal, before a ratification becomes effectual against him, must be shown to have had previous knowledge of all the facts and circumstances in the case, and if he assented to or confirmed the act of his agent while in ignorance of all the circumstances, he can afterwards, when informed thereof, disaffirm it. And the principal's want of such knowledge, even if it arises from his own carelessness in inquiring or neglect in ascertaining facts, or from other causes, will render such ratification invalid. His knowledge is an essential element.' Story on Agency, Sec. 231, note 1. That statement by Story is found again in the 8th Edition, Sec. 253, note 1, and this is cited with approval by Campbell, J., in Meyer v. Baldwin, 52 Miss. 263, at page 271."

The issues of agency and ratification are the critical fact issues and, in a trial by jury, the defendant Gold Crown is entitled to have such issues submitted to and answered by the jury upon a clear and proper charge.

Reversed and remanded.